# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| A AND A SHAREHOLDING CO., LLC, | ) Case No. 21-10917 (TMH) |
| Reorganized Debtor. | ) |
| | ) **Related to Docket No. 109** |

**FINAL DECREE CLOSING THE REORGANIZED DEBTORS'
CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtor (the "Reorganized Debtor," and prior to the effective date of its chapter 11 plan, the "Debtor") for entry of a final decree (this "Final Decree") closing the chapter 11 case of the Reorganized Debtor pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtor's chapter 11 case identified on **Exhibit 1** hereto is hereby closed; *provided, however*, that this Court shall retain such jurisdiction as is provided in Article XI of the Plan, which provides for the retention of this Court's exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor or any party in interest to seek to reopen this chapter 11 case for good cause shown. For the avoidance of doubt, this Final Decree shall not modify the Reorganized Debtor's remaining obligations under the Restructuring Support Agreement, the Plan, or any order of the Court.

3. To the extent not already paid, the fees required to be paid to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, or otherwise, shall be paid within thirty (30) days following entry of this Final Decree.

4. The services of Kurtzman Carson Consulting LLC ("KCC") are terminated effective upon KCC completing the services set forth in this Order.

5. KCC will prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c).

6. Pursuant to Local Bankruptcy Rule 2002-1(f)(ix), within 28 days of entry of this Final Decree, KCC shall (a) forward to the Clerk's office an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket in the case of *In re A and A Shareholding Co., LLC.*, 21-10917 (TMH) a final claims register containing the claims of all of these jointly-administered chapter 11 cases.

7. KCC will collect and forward any mail regarding these chapter 11 cases after entry of this Final Decree as soon as reasonably practicable to the Reorganized Debtor; *provided* that the Reorganized Debtor shall provide KCC with reasonable compensation and reimburse KCC for its reasonable and documented expenses in connection with any such mail forwarding services provided by KCC to the Reorganized Debtor after the date of entry of this Final Decree.

8. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

10. The Clerk of this Court shall enter this Final Decree on the docket of the above-captioned chapter 11 case and the docket of this chapter 11 case shall be marked as "Closed."

11. An entry shall be made on the docket of the Reorganized Debtor's case that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 case of: *In re A and A Shareholding Co., LLC.*, 21-10917 (TMH).

12. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtor or any party in interest to seek to reopen this chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtor to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order.

13. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against any Reorganized Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtor or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtor's estate; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtor or any other parties in interest under the Bankruptcy Code or any other applicable law.

14. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Dated: September 28th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

10674626.v2